IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:23-CR-458-N |
| v. | |
| WILLIAM R. MCKELVY | |

**UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America hereby provides notice to the defendant, William R. McKelvy, of its intent to introduce at trial evidence of other crimes, wrongs, or acts that are intrinsic to the instant offense, or, in the alternative, are admissible under Federal Rule of Evidence 404(b). Specifically, the United States seeks to introduce evidence that (1) the defendant told the victim he had taken "an edible" or "edibles" prior to boarding the flight; (2) the defendant used a vaporizer ("vape") pen on the airplane; and (3) the defendant was arrested for public intoxication upon the defendant's arrival at Dallas Love Field Airport.

Because this evidence is intrinsic to the crime charged in the indictment, the Court should not exclude this evidence under Rule 404(b)(1). Alternatively, the Court should find that this evidence is admissible under Rule 404(b)(2) because it will be introduced for the limited purpose of establishing the defendant's mental state during the time of the offense.

[*nothing further on this page*]

## FACTUAL BACKGROUND[1]

On November 14, 2023, a grand jury for the Northern District of Texas charged the defendant in the instant, single-count indictment with abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(2) and 49 U.S.C. § 46506. (Dkt. 1.) Specifically, the indictment alleges that on or about April 25, 2023, while aboard Southwest Airlines flight number 2927, during a nonstop flight from Tulsa International Airport, Tulsa, Oklahoma, to Dallas Love Field ("Love Field"), Dallas, Texas, the defendant knowingly engaged in sexual contact with Victim 1 without Victim 1's permission. *See id.*

Dallas Police Department (DPD) officers investigating the incident spoke to witnesses on the Southwest Airlines flight immediately after the flight landed at Love Field. Victim 1 told DPD officers that, after the defendant touched her the first time, the defendant told Victim 1 that he was "on edibles." The defendant subsequently touched the victim three more times and repeated, at least once, that he had taken edibles prior to boarding the flight. Additionally, after the defendant was removed from his seat next to Victim 1 and brought to the back of the airplane, flight attendants noticed that the defendant attempted to and/or did smoke a vape pen. The flight lasted approximately forty-five minutes in total.

When DPD officers interviewed the defendant at Love Field, the defendant admitted to using a vape pen during the flight. The defendant also admitted to drinking

---

[1] These facts are merely a brief overview to assist the Court in understanding the issues presented herein. They do not include all facts that the government anticipates will be presented at trial.

alcohol earlier in the day.  The defendant was subsequently barred from taking any further Southwest Airlines flights that day and arrested for public intoxication.

## ARGUMENT

Evidence of the defendant's public intoxication and use of a vape pen is intrinsic to the instant offense, and therefore does not fall within the purview Rule 404(b). However, even if the Court finds that Rule 404(b) applies, these other acts are admissible under Rule 404(b)(2) because the evidence is being offered for permissible purposes.

As an initial matter, evidence intrinsic to the charged offense does not implicate Rule 404(b).  *United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir. 2008).  "Other act evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged."  *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)).  "Intrinsic evidence is admissible to complete the story of the crime by providing the immediate context of events in time and place, and to evaluate all of the circumstances under which the defendant acted."  *Id.*  (internal citations and quotations omitted).

The defendant's public intoxication, whether due to "edibles" or alcohol, is intrinsic evidence because it is "inextricably intertwined" with the prohibited conduct, "complete[s] the story of the crime," and allows the jury to "evaluate all of the circumstances under which the defendant acted."  The defendant repeatedly told the victim that he had taken an "edible" or "edibles" prior to boarding the flight when

challenged about the defendant's continued touching of the victim. He did this *in between* and *in response to* multiple offensive touchings, the sum of which is charged in the indictment. In other words, the statements—and any truth there may be in them—are simultaneous to the instant offense. Although intoxication is not element of, or a defense to, the charged crime, the defendant admitted to consuming edibles and alcohol before the flight, and multiple witnesses will testify that he appeared to be intoxicated. The defendant's subsequent arrest for public intoxication is merely the outcome of conduct that completely overlapped with the charged conduct in this case. As such, these circumstances are inextricably intertwined with the charged conduct in this case and should be presented to the jury for consideration.

      Additionally, the defendant's use of a vape pen during the flight is also intrinsic to the instant offense. "Evidence of uncharged conduct is not considered "other crimes" evidence if it "arose out of the same…series of transactions as the charged offense…or if it is necessary to complete the story of the crime (on) trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (citing *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989)). Within the short 45-minute period that the defendant remained on the Southwest flight, the defendant not only violated federal law several times with respect to the victim, but also violated airline regulations by smoking from a vape pen, thereby engaging in a course of disruptive conduct throughout the duration of the flight.

      Even if the Court finds that the defendant's statements about consuming edibles and alcohol, his reprimand for using a vape pen, and his arrest for public intoxication are extrinsic, rather than intrinsic, evidence, the evidence is still admissible because the

evidence will be offered to show the defendant's mental state, which facilitated his disregard of social boundaries and the law on April 25, 2023—a permissible purpose under Rule 404(b)(2).

Under Federal Rule of Evidence 404(b), evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019) (citing Fed. R. Evid. 404(b)) (internal quotation marks omitted). "It is unnecessary that the extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive." *United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012). In general, "Rule 404(b) only excludes evidence of other crimes when offered to prove the conduct of a person by resort to an inference as to his character." *Id.* at 132 (internal quotation marks and citations omitted). To that end, evidence is admissible under Rule 404(b) if it meets the two-prong *Beechum* test: "(1) it is relevant to an issue other than the defendant's character, and (2) it possesses probative value that is not substantially outweighed by its undue prejudice under Federal Rule of Evidence 403." *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015) (internal citations omitted) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).

The defendant's intoxication—via edibles or alcohol—is relevant to the defendant's mental state at the time that he committed the instant offense because such evidence tends to show that the defendant's inhibitions were lowered when he assaulted the victim, and that he continued to disregard the law by subsequently using the vape pen.

By contrast, such evidence would not unduly prejudice the jury considering the totality of the facts in this case. Although the "other acts" likely influenced the defendant's mental state, the acts are comparatively benign to the charged conduct.

The defendant's statements about using the vape pen also demonstrate a consciousness of guilt. When asked why he thought DPD were called to the flight, the defendant told officers that he had used a vape pen on the plane but denied having any physical contact with the victim. The defendant's attempts to minimize his illegal conduct by focusing on the vape pen shows a consciousness of guilt for the charged sexual contact. And in any event, the defendant's use of the vape pen was the last in a series of actions wherein the defendant demonstrated a willingness to violate social norms and federal laws and regulations during a short 45-minute flight, and should not therefore be excluded under Rule 404(b).

Additionally, the charged conduct is a separate and distinct type of conduct to the "other acts" described here. By virtue of the fact that the charged conduct is sexual and assaultive in nature, and the other acts relate to substance use, the other acts cannot and are not being offered to show that the defendant has a propensity to commit sexual assault because he abuses alcohol or marijuana. Rather, they are being offered to show that the defendant may have had reduced social inhibitions *when* he sexually assaulted the victim. For these reasons, evidence of the defendant's intoxication should be admitted under Rule 404(b)(2) for the permissible reasons of showing the defendant's mental state.

Lastly, although the government believes it is unnecessary, the Court could also provide a limiting instruction, instructing the jury that it should not convict the defendant of abusive sexual contact solely because the defendant was publicly intoxicated or because he used a vape pen on the airplane.

## CONCLUSION

Evidence of the defendant's public intoxication and use of a vape pen is intrinsic to the crime charged here, and therefore should not be excluded under Rule 404(b). However, should the Court find that the evidence falls within the ambit of Rule 404(b), the evidence should still be admitted for the permissible purposes of establishing the defendant's mental state at the time that he committed the alleged offense.

    Respectfully submitted,

    CHAD E. MEACHAM
    ACTING UNITED STATES ATTORNEY

    */s/ Douglas B. Brasher*
    DOUGLAS B. BRASHER
    Assistant United States Attorney
    Texas Bar No. 24077601
    MADELEINE S. CASE
    Assistant United States Attorney
    Texas Bar No. 24125166
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242
    Telephone:   214-659-8600
    Facsimile:   214-659-8805
    E-mail: Douglas.Brasher@usdoj.gov
           Madeleine.Case@usdoj.gov